## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, as subrogee of
ROCKCLIFF ENERGY II, LLC,

    Plaintiff,

v.                                                            No. 2:20-cv-00079-WJ-CG

SEDONA CONTRACTING, INC. and
MOSAIC POTASH CARLSBAD INC.,

    Defendants,

and

MOSAIC POTASH CARLSBAD INC.,

    Cross-Claimant,

v.

SEDONA CONTRACTING, INC.,

    Cross-Defendant,

and

MOSAIC POTASH CARLSBAD INC.,

    Third-Party Plaintiff,

v.

ROCKCLIFF OPERATING NEW MEXICO, LLC,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
ROCKCLIFF'S MOTION TO DISMISS SEDONA'S THIRD-PARTY CLAIMS
WITHOUT PREJUDICE AND GRANTING SEDONA LEAVE TO AMEND**

THIS MATTER is before the Court on Rockcliff Energy II, LLC's ("Rockcliff's") Motion to Dismiss Sedona [Contracting Inc.]'s Third Party Claims (**Doc. 35**). The Court, having reviewed the briefing and considered the applicable law, finds that the Motion is well-taken and is therefore GRANTED. Sedona's negligence claim against Rockcliff is DISMISSED WITHOUT PREJUDICE. Sedona may AMEND its claim.

## BACKGROUND

This action arises out of insurance subrogation claims brought by St. Paul Fire and Marine Insurance Company ("St. Paul"), as subrogee of Rockcliff,[1] against Defendants Sedona Contracting, Inc. ("Sedona") and Mosaic Potash Carlsbad, Inc. ("Mosaic"). St. Paul seeks to recover cleanup costs incurred after the release of waste saltwater on Mosaic's property from a pipeline owned and operated by Rockcliff.

Predecessors in interest to Rockcliff and Mosaic formed a "Saltwater Disposal Agreement" wherein the surface estate owner, now Mosaic, conveyed a lease to an operator, now Rockcliff, to conduct wastewater disposal activities using a disposal well, pipelines, and other related surface equipment located on Mosaic's property. Separately, Mosaic contracted to allow Sedona to temporarily use a portion of Mosaic's property to construct a nearby bridge. While conducting construction activities on Mosaic's property, Sedona punctured a saltwater waste disposal polyline connected to one of the wells. (Doc. 25 at 2). Sedona notified Mosaic and Mosaic clamped the pipeline to stop the release. (*Id.*). According to Rockcliff, the line was fractured a second time, whereupon Rockcliff was notified and replaced the pipeline.[2] (*Id.*).

---

[1] Mosaic filed its third-party claims against Rockcliff Operating New Mexico LLC, a wholly owned subsidiary of Rockcliff Energy II, LLC, collectively referred to by the parties and the Court as "Rockcliff." Doc. 14 (St. Paul's Second Amended Complaint) at 1; Doc. 18 (Rockcliff's Motion to Dismiss) at 1.

[2] Sedona disputes this assertion. (Doc. 49).

Sedona responded to St. Paul's Complaint by filing a combined Answer and Third-Party Complaint in which it alleged that Rockcliff owed a duty to use ordinary care in relation to the polyline at issue. (Doc. 26 at 4). Although not clear from the complaint (*see below*), it appears the crux of Sedona's claim is that the polyline was "not properly situated." (Doc. 25 at 2). The entire substance of Sedona's negligence claim consists of seven, single sentence paragraphs. (Doc. 26 at 4–5).

Rockcliff now moves for dismissal, asserting that Sedona's complaint does not pass muster under Federal Rule of Civil Procedure 12(b)(6). Sedona avers that it properly pleaded its negligence claim against Rockcliff but, in the alternative, the proper remedy is further repleading, not dismissal.

## LEGAL STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss, the Court must assume all the complaint's factual allegations are true, but it is not bound to accept legal conclusions, including "legal conclusion[s] couched as a factual allegation[s]." *Twombly*, 550 U.S. at 555 (internal quotation marks and

citation omitted). Accordingly, the Court "should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn. Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). In deciding whether the plaintiff's stated claim for relief is adequate, the Court views "the totality of the circumstances as alleged in the complaint in the light most favorable to [the plaintiff]." *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005). The essential question is whether the plaintiff has nudged his or her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## DISCUSSION

Sedona's allegations against Rockcliff are as follows:

> 5. Rockcliff owed a duty to use ordinary care in relation to the line at issue in this action, including but not limited to maintenance, operation, burying, and repairing.
> 6. Rockcliff breached that duty by negligently maintaining, operating, burying, and repairing the line at issue in this action.
> 7. Upon information and belief, Rockcliff knew of issues with the line at issue in this action prior to the incident giving rise to this action.
> 8. Rockcliff did not act reasonably under the circumstances.
> 9. Rockcliff could have reasonably anticipated damage to the line at issue in this action prior to the incident giving rise to this action.
> 10. Rockcliff's actions and omissions caused Sedona to incur damage and loss.

(Doc. 26 at 4–5). Sedona argues that it need only assert the "minimum factual basis of the claim." (Doc. 36 at 2 (citing Fed. R. Civ. P. 8(a)(2)). In fairness to Sedona, the literal language of Rule 8 does appear to require simple notice pleading. Even the Tenth Circuit has explained, post-*Twombly*/*Iqbal*, that the pleading standard is "still fundamentally one of notice pleading intended to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense." *Sylvia v. Wisler*, 875 F.3d 1307, 1326 (10th Cir. 2017) (internal quotation marks and citation omitted).

4

However, it is well-settled law that the federal pleading standard is more accurately understood as a plausibility pleading standard post-*Twombly*/*Iqbal*.[3] Sedona cites both *Twombly* and *Iqbal*, but misapprehends them. Yes, Twombly does not require that a plaintiff plead *all* the factual details of its claim. And yes, Twombly does not require a plaintiff to plea a prima facie case. But, plaintiffs are still "required to set forth plausible claims." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In other words, while not subject to "heightened fact pleading," a plaintiff's complaint must be more than "labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [United States Supreme] Court stated will not do." *Robbins*, 519 F.3d at 1247 (citing *Twombly*) (internal quotation marks omitted).

Here, Sedona's allegations are precisely the type of bare-bones, formulaic recitations rejected by the Supreme Court in *Twombly*. The generic allegations appear to be 'fill-in-the-blank' contentions straight out of the uniform jury instructions. Moreover, even assuming *arguendo* that the pleading standard only requires, as Sedona states, "the minimum factual basis of the claim" (Doc. 36 at 2), its third-party complaint is entirely lacking in *any* facts, let alone *minimum* facts, that would put Rockcliff on notice of the nature of the claim against it. Thus, even under its own (incorrect) pleading standard, Sedona's third-party complaint is deficient.

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337 (10th Cir. 1994). Here, Sedona uses its response to the instant motion to argue how and why Rockcliff was allegedly negligent. (*See, e.g.,* Doc. 36, ¶¶ 15, 25, 35, 36). But these arguments are inapposite; they do not demonstrate how the allegations within Sedona's third-party complaint are sufficient as a matter of law to survive Rule 12(b)(6) scrutiny. Specifically, Sedona's response

---

[3] But as the Tenth Circuit has acknowledged, this standard "is less than pellucid." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

alleges a set of facts that would tend to make a plausible claim for negligence.  (Doc. 36, ¶ 26).  But this is precisely the point—those facts are not found anywhere within the four corners of the Sedona's complaint.  All that *is* contained in the four corners of the complaint is a series of legal conclusions.  These legal conclusions do not, and cannot, state a plausible claim for negligence.

Sedona has failed to meet its burden to state a facially plausible claim to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  That said, if a party fails to plausibly plead its claim, upon request, Fed. R. Civ. P. 15 allows the party to amend its deficient pleading to promote resolution on the merits.  Any party may amend its pleading with the court's leave, which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

Here, Sedona asserts that it adequately pleaded its claim, but if the Court disagrees, further repleading, not dismissal, is the proper remedy.  (Doc. 36 at 13).  Rockcliff did not address Sedona's request in its reply brief.  The Court, therefore, concludes that Rockcliff waived or forfeited any argument that amendment would be prejudicial or futile. *See Ratts v. Bd. Of County Comm'rs*, 141 F. Supp. 2d 1289, 1314 (finding that plaintiff abandoned claim by failing to respond adequately to defendant's motion for summary judgment). Considering this case is in the early phase of pretrial discovery and this is Sedona's first request for leave to amend, the Court sees no reason to deny the request.

Accordingly, **the Court grants Sedona leave to amend its Third-Party Complaint (Doc. 26) within 30 days of this Order**. Sedona is admonished that it should not expect to be given the opportunity to cure defects in future pleadings.

**IT IS SO ORDERED.**

                                              CHIEF UNITED STATES DISTRICT JUDGE