# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ST. PAUL FIRE AND MARINE
INSURANCE CO., et al.,
        Plaintiffs,
v.                                                                                            CV No. 20-79 WJ/CG

SEDONA CONTRACTING, INC., et al.,
        Defendants,
_____

MOSAIC POTASH CARLSBAD, INC.,
        Third-Party Plaintiff,
v.

ROCKCLIFF OPERATING NEW MEXICO, LLC.
        Third-Party Defendant,
_____

MOSAIC POTASH CARLSBAD, INC.,
        Cross-Claimant,
v.

SEDONA CONTRACTING, INC.,
        Cross-Defendant.

## **AMENDED ORDER SETTING ZOOM SETTLEMENT CONFERENCE**

To facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with Federal Rule of Civil Procedure 16(a)(5). Due to the ongoing uncertainty created by the Covid-19 pandemic, and the likelihood that the need for social distancing will continue through the date of the scheduled settlement conference in this case, the Court will hold the upcoming settlement conference via Zoom.

The conference will be held on **December 18, 2020, at 9:00 a.m.** A telephonic status conference will be held on **December 10, 2020, at 2:00 p.m.**, to discuss the parties' positions, as set forth in the Court's prior *Order Setting Telephonic Pre-Settlement Status Conference*, (Doc. 38).

**IT IS HEREBY ORDERED** that the parties and a designated representative, other than

counsel of record, with full authority to resolve the case, must attend via Zoom; counsel who will try the case must also attend via Zoom. All attorneys and parties involved in the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[1]

**IT IS FURTHER ORDERED** that:

1. By **November 23, 2020**, Plaintiffs' counsel shall serve on Defendant's counsel a concise letter that sets forth a settlement demand itemizing the principle supporting damages or other relief that Plaintiffs assert would appropriately be granted at trial.

2. By **December 2, 2020**, Defendant's counsel shall serve on Plaintiffs' counsel a concise letter that sets forth a response to the settlement demand.

3. By **December 7, 2020**, each party shall provide to the Court:

    a. A copy of each letter that was sent to an opposing party;

    b. A confidential, concise letter containing an analysis of the strengths and weaknesses of its case; and

    c. Any video or audio recordings of the incident upon which this action is based.

    d. **This letter should also contain the email addresses and phone numbers for all participants in the settlement conference. This contact information will be used to send the invitation to attend the settlement conference via Zoom.**

    These materials may be submitted to the Court by email: garzaschambers@nmd.uscourts.gov

4. Each of these letters typically should be five (5) pages or fewer, and counsel will ensure that each party reads the opposing party's letter before the settlement conference.

5. Before **December 10, 2020**, counsel shall confer with one another about their clients' respective positions.

6. On **December 10, 2020, at 2:00 p.m.**, counsel shall call Judge Garza's AT&T line

---

[1]. This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

at (877) 810-9415, follow the prompts, and enter access code 7467959, for a pre-settlement telephonic status conference

A party must show good cause to vacate or reschedule the settlement conference. Any such request must provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the settlement conference.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE